UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOSEPH R. HUFFMAN,

        Plaintiff,

        v.                                    Case No. 3:12-cv-1867-ST

TRANSITIONAL PROJECTS, INC., and TPI        FINDINGS AND
ADMINISTRATION,                                 RECOMMENDATION

        Defendants.

STEWART, Magistrate Judge:

Plaintiff, Joseph R. Huffman ("Huffman"), who is representing himself, has applied to proceed *in forma pauperis* (docket #1). An examination of the application reveals that Huffman is unable to afford the fees of this action. Accordingly, his application to proceed *in forma pauperis* should be granted and no filing fee should be assessed. However, for the reasons set forth below, the Complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

## **ALLEGATIONS**

Huffman alleges that on October 16, 2012, while "silently check[ing] his mail," defendants' staff "tried to provoke and hassle [him], then attempted to interfere with [his] lawsuit against the City of Portland (3:12-cv-1843-AA)." As a result, he requests that the court order

1 - FINDINGS AND RECOMMENDATION

defendants "to refrain from any further provocation and harassment and to cease from interfering/disrupting legal matter [sic]." He also seeks an award of $500,000 "for each incident and a permanent gag order."

## **STANDARDS**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

A court must liberally construe the allegations of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt. *Lopez*, 939 F2d at 882-83. However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard

2 - FINDINGS AND RECOMMENDATION

"does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

### FINDINGS

Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992).

The form Complaint completed by Huffman alleges jurisdiction based on both diversity of jurisdiction under 28 USC § 1332 and original jurisdiction under 28 USC § 1331 for civil actions "arising under the Constitution, laws, or treaties of the United States."

Diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Pullman Co. v. Jenkins*, 305 US 534, 541 (1939). To establish diversity jurisdiction, a plaintiff must allege that he is a citizen of the State of Oregon, that all of the defendants are citizens of other states, and that he seeks damages of more than $75,000. Since the Complaint reveals that Huffman resides in Oregon and that both defendants are located in Oregon, no diversity of citizenship exists between the parties. Thus, to establish jurisdiction, Huffman must rely on the existence of a federal question.

As support for jurisdiction based on a federal question, Huffman cites 42 USC §§ 1981(1), 1982 and 1985(2) and (3). However, federal question jurisdiction is unavailable if

3 - FINDINGS AND RECOMMENDATION

the federal claim upon which it is based is "patently without merit."  *Yokeno v. Mafnas*, 973 F2d 803, 808 (9th Cir 1992) (citation omitted).  For the following reasons, Huffman fails to state a claim under any of those federal laws.

Claims for violations of 42 USC §§ 1981, 1982 and 1985 require a showing of racial or class-based animus.  The first statute, 42 USC § 1981(a), provides that all persons "shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  A claim for violations of this statute requires a showing of racial animus.  *Tarin v. Cnty. of Los Angeles*, 123 F3d 1259, 1264 (9th Cir 1997), *superseded by statute on other grounds, as stated in Leisek v. Brightwood Corp.*, 278 F3d 895, 899 n. 2 (9th Cir 2002) (dismissal of § 1981 claim appropriate where nothing in the record suggested racial animus).

The second statute, 42 USC § 1982, provides that "[a]ll citizens . . . shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  A claim for violation of this statute requires a showing of racial discrimination with respect to property rights.  *See Phiffer v. Proud Parrott Motor Hotel, Inc.*, 648 F2d 548, 551 (9th Cir 1980) (noting the elements of establishing a *prima facie* cause of action under § 1982).

The third statute cited by Huffman, 42 USC § 1985(1)-(3), prohibits conspiracies to prevent federal officials from performing their duties, obstructing a federal court proceeding, obstructing state proceedings with the intent to deny a citizen equal protection of the laws, or otherwise conspiring to deprive any person or class of persons equal protection of the laws.  As with § 1981, this statute requires a showing of some racial or class-based animus.  *Sever v. Alaska Pulp Corp.*, 978 F2d 1529, 1536 (9th Cir 1992), quoting *Griffith v. Breckenridge*, 403 US

4 - FINDINGS AND RECOMMENDATION

88, 102 (1971) (§ 1985 claim requires showing that the conspiracy was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'").

Nowhere does Huffman allege that he is a member of a racial minority or that defendants took any action against him based on racial or class-based animus. Consequently, Huffman has stated no claim for a violation of 42 USC §§ 1981, 1982 or 1985.

Huffman also cites 42 USC § 1983. That statute authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights. To state a § 1983 claim, the plaintiff must allege: (1) a deprivation of a federal right, and (2) that the person who deprived the plaintiff of that right acted under color of state law. *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006). If a § 1983 complaint does not state a constitutional claim, it is subject to dismissal. *Ove v. Gwinn*, 264 F3d 817, 824-25 (9th Cir 2001). Huffman does not allege what constitutional right, if any, was violated by defendants. Furthermore, to act under color of state law, a defendant must be a state or local official. *Crumpton v. Gates*, 947 F2d 1418, 1420 (9th Cir 1991). The two defendants named by Huffman (Transitional Projects, Inc., and TPI Administration) are not local or state officials or acting in concert with such officials. Thus, even if defendants violated some constitutional right, Huffman is precluded from suing either of them under § 1983 because they are private parties and not persons acting under color of state law.

Because Huffman fails to state a claim under 42 USC §§ 1981, 1982, 1983, or 1985, his Complaint should be dismissed for lack of subject matter jurisdiction. Since this court can conceive of no amendment to cure this defect, the dismissal should be with prejudice.

5 - FINDINGS AND RECOMMENDATION

## **RECOMMENDATION**

Plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED and no filing fee should be assessed.  However, for the reasons set forth above, the Complaint should be DISMISSED with prejudice for lack of subject matter jurisdiction.

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Friday, November 09, 2012.  If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## **NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED October 23, 2012.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
